# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | 1:15-CR-00166-ELR-RGV |
| | * | |
| REBECCA NICHOLS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## O R D E R

This matter is before the Court for consideration of Magistrate Judge Russell G. Vineyard's Report and Recommendation ("R&R") [Doc. 58] that Defendant's Motion to Suppress Evidence [Docs. 21 and 25] and Motion to Suppress Statements [Doc. 22] be denied. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc 61]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

## I.  Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed finings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law.  Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Discussion

Defendant's objections to the R&R are based on her contentions that: (1) the search warrant for her residence lacked sufficient probable cause because the supporting affidavit did not provide a sufficient nexus between the alleged crime

2

and her residence; (2) the post-seizure search of her cellular phones, computers and other electronic devices exceeded the scope of the search warrant; and (3) her mental impairments prevented her from knowingly and voluntarily waiving her <u>Miranda</u> rights.

Defendant objects to the Magistrate Judge's finding that the search warrant for her residence was supported by probable cause. She argues that agents did not sufficiently establish the credibility of a criminal defendant who identified her as the person that provided him with numerous images of suspected child pornography. Additionally, Defendant argues that agents did not adequately confirm that the child depicted in the images was the same child seen pictured on Defendant's "Facebook" social media pages, with captions indicating that she was Defendant's daughter. Although Defendant does acknowledge that agents took certain steps to corroborate their findings, she says the corroboration "was of limited scope" (Defendant's R&R Objections, Doc. 61, pg. 4) and suggests that agents could have done more. However, "[c]ourts have uniformly rejected defense arguments that further investigation should have been conducted to either corroborate or to negate the information in the affidavit or else the search warrant lacks probable cause." <u>United States v. Lebowitz</u>, 647 F.Supp.2d 1336, 1347 (N.D.Ga. 2009). Instead, "the Court must evaluate probable cause based on what information was actually presented to the magistrate, not based on what information could have been presented after

further investigation, but was not." <u>United States v. Adigun</u>, 2011 WL 2194253, at *13 (N.D.Ga. May 4, 2011).   Applying this standard to the present case, Judge Vineyard correctly determined that the search warrant was supported by probable cause to believe that evidence of a crime would be found at the residence searched.

Additionally, and as explained by Judge Vineyard, even if the affidavit were found to be defective, the Court would not render inadmissible the evidence seized from the residence, because having considered the applicable factors, the Court finds that the good faith exception to the exclusionary rule would apply to this case. <u>See</u> <u>United States v. Leon</u>, 104 S.Ct. 3405 (1984).   Defendant's objection here is **OVERRULED**.

Defendant also objects to Judge Vineyard's finding that the agents' actions did not exceed the scope of the search warrant.   She argues the post-seizure search in this case was impermissible because the warrant permitted no more than the *seizure* of certain items such as cellular telephones found in the listed residence. Contrarily, Judge Vineyard found that when the explicit language in the search warrant is considered with the supporting affidavit, the agent's authority is not so narrowly restricted.   Notably, the agent included a section in his affidavit titled, "Specifics of Search and Seizure of Computer Systems" in which he requests to conduct an off-site search of computer hardware, associated peripherals and storage media for evidence, fruits and instrumentalities of the suspected violations being

4

investigated. See [Doc. 25-1] Based on the agent's request, which includes an explanation of the technical difficulties of searching such devices during the search of the property, Judge Vineyard found that the warrant did grant permission to search, not just seize certain items found in the residence. The Court agrees with that finding and therefore **OVERRULES** this objection.

Finally, Defendant objects to Judge Vineyard's finding that she knowingly and voluntarily waived her Miranda rights in making a statement the day of her arrest. Defendant does not contest that she was admonished of her Miranda rights, but argues that various mental health issues rendered any waiver of the rights unknowing and involuntary. In making this argument, Defendant does not point the Court to any particular portion of her videotaped statement that demonstrates her incapacity to understand and appreciate the agents' explanation of her rights. Nor does Defendant indicate any part of the statement where she appears to have rescinded her express agreement to waive her rights and speak with the agents. This Court agrees with Judge Vineyard's finding that Defendant's statements were made knowingly and voluntarily and should therefore not be suppressed. Defendant's objection is **OVERRULED**.

## III. __Conclusion__

Based on the foregoing, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R as the Opinion and Order of this Court; **DENIES** Defendant's Motion to Suppress Evidence [Docs. 21 and 25]; and **DENIES** Defendant's Motion to Suppress Statements [Doc. 22]. Notice setting trial will be entered separately.

**SO ORDERED**, this 26th day of May, 2016.

Eleanor L. Ross
United States District Judge
Northern District of Georgia